OPINION
{¶ 1} Appellant, Frank P. Sikora, Jr., appeals from the February 9, 2006 judgment entry of the Ashtabula County Court of Common Pleas, which sentenced him to four years in prison.
 {¶ 2} On November 8, 2004, appellant was indicted by the Ashtabula County Grand Jury on three counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and seven counts of gross sexual imposition, in violation of R.C.2907.05(A)(4), felonies of the third degree. At his arraignment, appellant entered a plea of not guilty to the charges.
 {¶ 3} The charges arose after appellant engaged in sexual conduct with a minor female, under the age of thirteen.
 {¶ 4} On October 17, 2005, appellant withdrew his not guilty pleas and pursuant to a negotiated plea agreement, entered a plea of guilty to seven counts of sexual battery, in violation of R.C.2907.03, felonies of the third degree. The remaining counts of the indictment were withdrawn.
 {¶ 5} The trial court held a sentencing hearing on February 9, 2006. At the sentencing hearing, and in a judgment entry filed the same day, the trial court sentenced appellant to two years in prison on each count of sexual battery, with six counts to be served concurrently to each other, but consecutive to the one remaining count of sexual battery, leaving an aggregate sentence of four years in prison.
 {¶ 6} It is from this judgment that appellant timely appealed, raising the following sole assignment of error:
 {¶ 7} "Appellant was sentenced pursuant to statutory provisions that have since been held to be unconstitutional."
 {¶ 8} Appellant's assignment of error challenges the more than the minimum sentence and consecutive sentence he received, and is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio inFoster. On that basis, appellant's assignment of error is with merit.
 {¶ 9} In Foster, at paragraphs one and three of the syllabus, the Supreme Court held that R.C. 2929.14(B) and R.C.2929.14(E)(4) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 10} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and R.C. 2929.14(E)(4). After severance, judicial factfinding is not required before imposing more than the minimum sentences or consecutive sentences. Foster at paragraphs two and four of the syllabus.
 {¶ 11} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing.[1] Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 12} The sentence imposed by the Ashtabula County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for further proceedings consistent with this opinion pursuant to Foster.
O'Neill, J., concurs, Grendell, J., concurs in judgment only.
[1] Appellee argues that appellant's case should not be remanded since his case was not pending on direct review. We disagree. Appellant was sentenced on February 9, 2006. Foster
was released on February 27, 2006. Appellant filed his notice of appeal twenty-nine days after the judgment entry, within the time limits required by App.R. 4.